**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1626**

---

ABOUBACAR MATTO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-466-445)

---

Submitted: April 9, 2004          Decided: April 30, 2004

---

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Joseph M. Kum, AMOROW & KUM, P.A., Takoma Park, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, Margaret K. Taylor, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aboubacar Matto and his wife and child, all natives and citizens of Niger, petition for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of Matto's applications for asylum, withholding of removal, and relief under the United Nations' Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Matto challenges the immigration judge's finding that he failed to demonstrate past persecution or a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We have reviewed the immigration judge's decision and the administrative record and find that the record supports the immigration judge's conclusion that although Matto's testimony was credible, he failed to establish his eligibility for asylum on a protected ground. See 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish his eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Matto seeks.

Additionally, we uphold the immigration judge's denial of Matto's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting

- 2 -

asylum.  Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999).  To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution."  INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).  Because Matto fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, we conclude that Matto has failed to prove that it is more likely than not that he would be subjected to torture upon his return to Niger, in violation of the Convention Against Torture.  Based on our review of the record and the immigration judge's decision denying relief, we find that Matto failed to show a "clear probability of persecution" or to show that it is "more likely than not" that he would face torture if returned to Niger. See 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he . . .  would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -